COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


DAITRONE LAMAR HARGROVE

                                MEMORANDUM OPINION[*] BY
v.    Record No. 3059-99-2     JUDGE RUDOLPH BUMGARDNER, III
                                    OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Catherine C. Hammond, Judge

          Matthew P. Geary (Goodwin, Sutton, DuVal &
          Geary, P.L.C., on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Daitrone Lamar Hargrove appeals his conviction of unlawful

possession of marijuana. He contends the police conducted an

unlawful search and the trial court erred in admitting the

evidence they seized. Concluding the search was lawful, we

affirm.

     We view the evidence in the light most favorable to the

Commonwealth. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265

S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980). We review

de novo the ultimate questions of reasonable suspicion and

probable cause, but we "review findings of historical fact only

─────────────────
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

for clear error and . . . give due weight to inferences drawn from those facts . . . ." Ornelas v. United States, 517 U.S. 690, 699 (1996).

Officer Stromberg stopped a van driven by the defendant for playing loud music. The owner, Antoine Harvey Squire, sat in the front passenger seat, and Frederick Martin sat on a bench seat in the very back of the van. While Stromberg validated the driver's licenses of the defendant and Squire at his patrol car, two additional officers, Perkins and Moore, arrived. Stromberg determined the licenses were valid but also learned the defendant was only 18 years old. Stromberg returned to the driver's side of the van as Perkins went to the passenger's side. Stromberg issued a warning about playing loud music and returned the driver's licenses.

Stromberg then explained that he was working to interdict drugs and asked Squire, the owner, if he "minded" if Stromberg searched the van. Squire replied, "No," but Stromberg was unsure whether Squire was consenting. He asked another question, whether he could use a drug dog. To this Squire stated that he was in a hurry and asked why the officer was harassing him. Simultaneously, Stromberg noticed Martin was sitting side-saddle on the bench seat and asked offhandedly if his seat belt was broken. As Martin shifted to face forward, Perkins announced that he saw an open beer in the vehicle.

-

Stromberg had the defendant step out of the van. As he did, Stromberg smelled alcohol on the defendant's breath and saw a Michelob bottle cap on the floorboard where his feet had been. The defendant admitted he had been drinking. Stromberg asked the other passengers to exit the vehicle. He then entered the van and removed a twelve-bottle carton of Michelob beer that contained nine bottles. Two bottles were open, and a third had been opened but re-capped.

Near the beer container but under the bench seat, Stromberg found a backpack. Its weight made him think that it might contain beer, so he asked who owned the backpack. Each of the three denied ownership or knowledge of the backpack. Stromberg searched the backpack and arrested all three when he found a large amount of marijuana in it. The officers found marijuana in the defendant's sock, when they searched him incident to his arrest. The defendant contends the marijuana was unlawfully seized and inadmissible at his trial.

During the stop, which the defendant concedes was lawful, the officers saw open containers of beer in a vehicle driven by a driver under twenty-one. A warrantless search and seizure is valid when it is "'made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile . . . contains that which by law is subject to seizure and destruction . . . .'" United States v. Ross, 456 U.S. 798, 805 (1982) (citation omitted).

-

The officers observed open bottles of beer in plain view while lawfully positioned to see them.

> [I]n order for a seizure to be permissible under the plain view doctrine, two requirements must be met:  "(a) the officer must be lawfully in a position to view and seize the item, [and] (b) it must be immediately apparent to the officer that the item is evidence of a crime, contraband, or otherwise subject to seizure."

Conway v. Commonwealth, 12 Va. App. 711, 718, 407 S.E.2d 310, 314 (1991) (en banc) (quoting Stokes v. Commonwealth, 4 Va. App. 207, 209, 335 S.E.2d 611, 612 (1987)).

Upon seeing the open beer bottles, the officers had reason to suspect the defendant was violating any number of criminal statutes.[1]  That permitted them to investigate further.  See Terry v. Ohio, 392 U.S. 1, 20-22 (1968).  As soon as the defendant stepped out of the car, Stromberg smelled alcohol on the defendant's breath and the defendant admitted drinking.  That additional information provided probable cause to arrest the defendant for driving under the influence or driving after consuming alcohol.  "[A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is

---

[1] For example:
Code § 18.2-266 Driving under the influence;
Code § 18.2-266.1 Any person under twenty-one operating a motor vehicle after consuming alcohol;
Code § 18.2-323.1 Consuming an alcoholic beverage while driving; or
Code § 4.1-305 Possession of alcoholic beverage by person under twenty-one.

-

given to believe that the vehicle" contains contraband.  Ross, 465 U.S. at 823.

The officers did not enter the van until Stromberg determined the defendant had been drinking, but with that knowledge they were entitled to seize the beer from the van. While doing so, Stromberg found the backpack, which he reasonably believed contained alcohol.  When asked, the defendant denied owning it or having any knowledge of it.  The defendant abandoned the backpack and surrendered any expectation of privacy in it.  "'One who voluntarily abandons property forfeits any expectation of privacy he or she may have in it' and all standing to complain of its warrantless search and seizure."  Wechsler v. Commonwealth, 20 Va. App. 162, 173, 455 S.E.2d 744, 749 (1995) (quoting Commonwealth v. Holloway, 9 Va. App. 11, 18, 384 S.E.2d 99, 103 (1989)).  "'If a person relinquishes possession and disclaims ownership of personal property, he or she surrenders any expectation of privacy in the property.'"  Id. (citations omitted).

The trial court did not err in determining that the defendant lacked standing to challenge the search of the backpack.  Once the marijuana was found in the backpack, the defendant was lawfully arrested.  The marijuana found in his

-

sock was discovered during the search incident to his lawful arrest.  Accordingly, we affirm the conviction.

Affirmed.